IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HEROD | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv69 |
| UNIV. OF TEXAS MEDICAL BRANCH | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Donald Wayne Herod, an inmate confined within the Texas Department of Criminal Justice,
Correctional Institutional Division ("TDCJ-CID"), proceeding *pro se*, filed this lawsuit pursuant to
42 U.S.C. § 1983 against the University of Texas Medical Branch ("UTMB"), certain unidentified
employees of UTMB, Warden Bell and Rick Thaler, the former director of TDCJ-CID.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28
U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties
to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations
for the disposition of the case.

Factual Allegations

On December 11, 2012, plaintiff was incarcerated at the Eastham Unit. He blacked out while
in his cell. He has submitted an affidavit from his cellmate. The affidavit states that after plaintiff
began complaining about his health, he was told to lie down and help was summoned. Plaintiff
subsequently lost consciousness. The unidentified UTMB employees then came to the cell and
loaded plaintiff onto a gurney.

Plaintiff states the unidentified UTMB employees apparently failed to properly secure him to the gurney.  He states that as they rapidly pushed the gurney to take him from his cell to the infirmary, a wheel of the gurney hit a bump.  This caused him to be thrown from the gurney onto the concrete floor, resulting in serious injuries to his shoulders and neck.

Plaintiff states that when he woke up, he was in a hospital in Bryan, Texas.  He states a physician told him his neck was cracked and  that both of his shoulders were crushed and needed to be replaced.  The cellmate's affidavit states plaintiff did not suffer any blunt force trauma to any part of his body, including his shoulders, before he was taken from his cell.

Plaintiff alleges defendant Bell was at fault for not performing a background check on the unidentified UTMB employees.  He alleges defendant Thaler was at fault for not performing a background check on defendant Bell.  He also states these defendants failed to properly train their employees.

### *Martinez* Report

Acting pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the court directed prison officials to review the subject matter of the complaint and compile a written report.  Medical records attached to the report state plaintiff was brought to St. Joseph Regional Health Center in Bryan, Texas, on December 11, 2012.   Upon admission, plaintiff's condition was described as follows:

> The patient is a 51-year-old TDC inmate who was brought into the hospital via air-flight last night with hypothermia, severe acidosis and hypotension.  So far there has been no explanation for the above findings.  The patient has been fluid resuscitated and started on antibiotics.  He is on a Levophed drip.  The patient cannot give much in the way of history.  He tells me he does not feel anything is wrong.

2

On December 12, Dr. Vinaya Jagadeeshan made an entry into the medical records

describing plaintiff's condition as follows:

> Please note that the majority of this history is obtained by my talking to the ER physician and the EMS charts as the patient is very lethargic and responds only by saying yes or no.  As per information from the corrections officers, the patient had gone to the rest-room around 6:30 p.m. and had not returned for nearly an hour and so they went to check on him.  The patient was found on the floor and was confused.  The patient was air-flighted here from the prison facility.  The patient is not accompanied by any medical records.  The patient is not in a position to say what medical issues he has had nor has any complaints of chest pain, palpitations, PND or orthopne at present.  On arrival, the patient had a temperature of 91 degrees Fahrenheit and he is in a warming blanket with current temperatures around 94.  His initial workup in the ER including CT brain and CT angio chest have not revealed any acute pathology.  The patient does not appear to be in any distress, but is very, very lethargic and is unable to move any of his extremities at present.  He can shake and wiggle his toes and fingers of his hand.

On December 16, Dr. Justin Brazeal made an entry describing plaintiff's condition as

follows:

> Mr. Herod is a pleasant 51-year-old male who is currently incarcerated for life, who presented after a fall and loss of consciousness.  The patient was noted to be septic and had positive blood cultures consistent with the beta hemolytic strep, was in septic shock, acute kidney disease, as well as anemia.  The patient has been admitted to the ICU, re-ceiving antibiotics as well as currently receiving blood.  Patient noted pain in his bi-lateral shoulders but was not x-rayed until today at which time an MRI was performed.  Concern for possible septic arthritis.  After MRI was performed it was noted that he had a fracture of his shoulder.  Bilateral x-rays were taken noting bilateral proximal humerus fractures.

On December 20, Dr. Brazeal made another  entry describing plaintiff's condition as

follows:

> Mr. Herod is a pleasant 52-year-old male who is currently incarcerated.  He was found down with hemolytic strep bacteremia.  He also has bilateral proximal humerus frac-tures.  The patient is resolving his bacteremia, but sill has 1-2 cultures concerning for possible contamination.

> He is neurovascularly intact, has got pain with motion and crepitus in his bilateral shoulders.

3

The patient will need a repair of his bilateral shoulders with possible hemarthoplasty versus operative fixation bilaterally.  The patient is currently clearing a sepsis and will need some time before definite surgeries performed.

<u>Standard of Review</u>

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious or fails to state a claim or (2) seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous.  In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does factual allegations and legal conclusions, is frivolous when it lacks an arguable basis either in law or fact."  The Court also states that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory."  *Id*. at 327.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible."  *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and favorably construed to the plaintiff.  *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).  However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim.  *Id*.

4

Analysis

*Claim Against Unidentified UTMB Employees*

To establish a civil rights claim under the Eighth Amendment based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs.[1]  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  The requirement of showing deliberate indifference on the part of a defendant is a "significantly high burden for plaintiffs to overcome." *Hernandez v. Texas Department of Protective & Regulatory Services*, 380 F.3d 872, 882 (5th Cir. 2004).  A defendant is liable for deliberate indifference to serious medical needs only if he knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins* 27 F.3d 174, 176 (5th Cir. 1994) (applying the *Farmer* standard in a case involving medical care).  In *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.  Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment."  And, the "failure to alleviate a significant risk that [the official] should have perceived but did not" is insufficient to show deliberate indifference.

---

[1]     A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.  *Hill v. Dekalb Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

Unsuccessful medical treatment, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

The record demonstrates plaintiff suffered serious injuries as a result of the events of December 11, 2012.  He alleges the unidentified UTMB employees were deliberately indifferent to his serious medical needs because they failed to properly secure him to the gurney before they began to transport him to the infirmary.  However, these allegations are insufficient to establish deliberate indifference.  Instead, the allegations demonstrate no more than that the unidentified UTMB employees may have been negligent.  While Plaintiff's allegations may indicate that these defendants acted with a lack of due care, they do not show they intentionally mistreated him or engaged in conduct that clearly evinces a wanton disregard of his serious medical needs.   As plaintiff's allegations do not demonstrate the unidentified UTMB employees acted with deliberate indifference, he has failed to state a claim against these defendants.

*Claim Against Defendants Bell and Thaler*

Plaintiff alleges defendants Bell and Thaler failed to conduct adequate background checks on their subordinates and failed to properly train the unidentified UTMB employees.

To successfully plead a claim against a defendant in a civil rights case, a plaintiff must set forth facts that illustrate a defendant's participation in the alleged wrong.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  In civil rights cases, supervisory officials are not liable for the actions of their subordinates under any vicarious liability theory.  *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  A supervisor may be held liable only if he is personally involved in the constitutional

deprivation, or if there is a sufficient causal condition between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

While plaintiff has not demonstrated defendants Bell and Thaler were personally involved in the events which led to his injury, he may nevertheless state a claim against them by showing: (1) they failed to train or supervise their subordinates; (2) a causal link exists between the failure to train or supervise and the violation of his rights and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). However, a single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference. *Id*.

Plaintiff's allegations are insufficient to demonstrate that a failure by defendants Bell and Thaler to train their subordinates caused the alleged constitutional violations. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better or additional training. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Instead, a plaintiff must show with specificity how a particular training program is defective. *Id*. Plaintiff's allegations fail to satisfy this standard. Moreover, plaintiff does not allege other inmates had been injured as a result of not being properly secured to gurneys. Nor does he allege inmates have been injured because proper background checks were not conducted. As a result, defendants Bell and Thaler had no reason to be aware that failing to properly secure inmates to gurneys was subjecting inmates to a substantial risk of serious harm. And they had no reason to believe failing to conduct background checks subjected inmates to a substantial risk of serious harm. Plaintiff has therefore not shown that any failure on their part to properly train and supervise their employees amounted to deliberate indifference.

*Claim Against UTMB*

Finally, plaintiff has also named UTMB as a defendant.  However, the Eleventh Amendment to the Constitution provides that the State of Texas, as well as its agencies, are immune from liability.  As the Fifth Circuit has found UTMB is an agency of the State of Texas and, accordingly, immune from suit, *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011), plaintiff's claim against UTMB fails to state a claim upon which relief may be granted.

<u>Recommendation</u>

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of September, 2016.

Zack Hawthorn
United States Magistrate Judge