IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HEROD | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv69 |
| UNIV. OF TEXAS MEDICAL BRANCH | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Donald Wayne Herod, proceeding *pro se*, filed the above-styled civil rights lawsuit against the University of Texas Medical Branch ("UTMB"), certain unidentified employees of UTMB, Warden Bell and Rick Thaler, the former director of the Texas Department of Criminal Justice, Correctional Institutions Division. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Plaintiff states he blacked out while in his cell and lost consciousness. Unidentified employees of UTMB came to the cell, loaded him onto a gurney, and took him to the infirmary. Plaintiff states that when he woke up, he was in a hospital in Bryan, Texas. He was told his neck was cracked and that both of his shoulders were crushed and needed to be replaced.

In an effort to develop the record, the court, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), directed prison officials to review the subject matter of the complaint and compile a written report. Documents submitted in conjunction with the report showed plaintiff had been taken to the St. Joseph Regional Health Center in Bryan, Texas. He was diagnosed as being anemic and in septic shock. He was also suffering from acute kidney disease. An MRI performed at the

health center revealed shoulder fractures.

The Magistrate Judge concluded that with respect to the unidentified UTMB employees, plaintiff's allegations did not demonstrate they acted with deliberate indifference while taking him to the infirmary. The Magistrate Judge construed plaintiff's claims against defendants Bell and Thaler as asserting they failed to conduct adequate background checks on their subordinates and failed to properly train the unidentified UTMB employees. He concluded plaintiff failed to state a claim against these defendants because his allegations did not show they were personally involved in the events which resulted in his injuries or that any alleged failure to properly train or supervise their employees amounted to deliberate indifference. Finally, the Magistrate Judge concluded the claim against UTMB was barred by the Eleventh Amendment.

In his objections, plaintiff complains that the written report prepared pursuant to the court's order did not identify the individuals who transported him from his cell to the infirmary or the individuals working in the infirmary. Nor did it provide any accident or incident reports concerning what happened to him. In addition, he states the Magistrate Judge described his allegations against the unidentified UTMB employees as being that they "apparently failed to properly secure him to the gurney. [Plaintiff] states that as they rapidly pushed the gurney to take him from the cell to the infirmary, a wheel of the gurney hit a bump. This caused him to be thrown from the gurney onto the concrete floor, resulting in serious injuries to his shoulders and neck." Plaintiff states this was merely his speculation because he was unconscious at the time. In addition, he states his claim against defendants Bell and Thaler was not primarily that they failed to perform adequate background checks, but that people who were inadequately trained were assigned to safely transport an unconscious person.

After plaintiff filed his objections, the court entered an order directing prison officials to file a supplemental written report. The report was to include: (a) documents and reports prepared concerning plaintiff being transported to the infirmary and a list of personnel who participated in the transportation; (b) documents and reports prepared concerning his treatment in the infirmary and a

list of personnel who treated him in the infirmary and (c) documents and reports prepared concerning his transportation from the infirmary to St. Joseph Regional Health Center and a list of personnel who participated in his transportation.

The supplemental written report stated there were no documents or records concerning plaintiff being taken to the infirmary and no list of personnel who participated in such action. In addition, there were no records or documents concerning plaintiff being airlifted to the St. Joseph Regional Health Center and no list of personnel who participated in such action.

The supplemental written report did include a three page document concerning plaintiff's treatment while in the infirmary. The document stated Registered Nurse Patricia Rye filled out a Nurse Triage Form stating Lieutenant Denby called from the infirmary to report plaintiff had passed out and hit his head. Nurse Rye determined treatment was needed immediately. She advised Lieutenant Denby to call 911 and transport plaintiff to the nearest local emergency department. Nurse Rye stated she observed plaintiff remotely on a medical monitor while he was in a wheelchair at the Eastham Unit infirmary. She noted plaintiff appeared lethargic and that his speech was slow and slurred. She stated plaintiff complained of pain at the back of his head and of feeling dizzy and weak. She noted his breaths were even and shallow and that he was not bleeding.

After the supplemental written report was filed, plaintiff filed two motions (doc. nos. 87 and 88) asking that Nurse Rye be added as a defendant. These motions are **GRANTED**.

With respect to the defendants discussed in the Magistrate Judge's Report and Recommendation, the court agrees plaintiff has not shown the unidentified UTMB defendants acted with deliberate indifference while transporting plaintiff to the infirmary. To state a claim based on deliberate indifference, plaintiff must show the unidentified UTMB defendants were aware plaintiff was subject to a substantial risk of serious harm and disregarded the risk. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Plaintiff has not alleged facts that would indicate these employees acted improperly while transporting him to the infirmary, deliberately attempted to injure him, or took unnecessary risks while transporting him. Even if it is assumed plaintiff's shoulders were injured

while he was being transported, his allegations do not demonstrate any more than that the employees were, at most, negligent while transporting him.

With respect to defendants Bell and Thaler, the Magistrate Judge stated that as they were not personally involved in the actions that led to plaintiff's injuries, they could be liable for failing to properly train and supervise their employees only if the failure to train and supervise amounted to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). Plaintiff has not explained how any particular training program was insufficient or alleged other inmates have been injured while being transported on a gurney. As there are no allegations other inmates have been injured under similar circumstances, defendants Bell and Thaler would have had no reason to believe inmates being transported on gurneys were subject to a substantial risk of serious harm. It cannot therefore be concluded plaintiff's allegations demonstrate deliberate indifference on their part.

Finally, plaintiff's complaint has been amended to include a claim against Nurse Rye. To state a claim against Nurse Rye, facts must be presented demonstrating she acted with deliberate indifference. However, plaintiff has failed to meet this standard. Plaintiff makes no allegations against Nurse Rye. The only information in the record concerning her actions indicates Nurse Rye observed plaintiff remotely on a television monitor and noted his condition. She determined treatment was immediately needed and told Lieutenant Denby to call 911 and transport plaintiff to the nearest local emergency department. Such actions do not demonstrate Nurse Rye disregarded a substantial risk of serious harm to plaintiff. Nor do they indicate Nurse Rye "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). As a result, plaintiff has failed to state a claim against Nurse Rye upon which relief may be granted.

The court is not unsympathetic with plaintiff's situation. He suffered serious injuries and, despite the court's attempts to obtain more information, does not know what happened to him. However, plaintiff has failed to allege facts demonstrating his injuries were the result of

4

unconstitutional actions by any of the defendants. His lawsuit will therefore be dismissed.

ORDER

Accordingly, the objections filed by plaintiff to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. An appropriate final judgment shall be entered dismissing this lawsuit.

So **ORDERED** and **SIGNED** this **26** day of **September, 2017.**

_____
Ron Clark, United States District Judge